No. 912

First .Circuit

—

McISAAC v. MOORE BROS., INC., ET AL.

—

(February 8, 1932. Opinion and Decree.)

—

E. L. Stewart, of De Ridder, attorney for plaintiff, appellant.

C. V. Pattison, of Lake Charles, attorney for defendants, appellees.

LeBLANC, J. This is a suit for compensation brought by the plaintiff against Moore Bros., Inc., and Union Indemnity Co., both of New Orleans. The demand is for $3,900, being the amount claimed at the rate of $9.75 per week for a period of 400 weeks. Plaintiff alleges that he was injured on July 9, 1930, when a truck belonging to Moore Bros., Inc., his employer, and in which he was riding at the time he was performing services under orders of his foreman, turned over at Ludington in the parish of Beauregard, and he was pinned underneath it. He avers that his left shoulder and left leg were injured, and that he also suffered a hernia to his left side as a result of the accident.

The defendants each filed a separate answer, both being to the same effect, however, that the only injury plaintiff suffered was to his left shoulder, for which he was taken care of by their physician and that he was discharged as having entirely recovered and able to resume work on August 12, 1930. Both especially deny that the plaintiff is suffering from any present disability, and aver that if he has any, it does not grow out of the injury he received while in the employ of Moore Bros., Inc., and is in no manner connected therewith.

The only issue presented is the one regarding the alleged hernia plaintiff claims to have suffered as a result of his injury. The trial judge found from the testimony that plaintiff had no hernia, but held that as he was disabled during the period from July 9, 1930, to August 12, 1930, he was entitled to compensation in the total sum of $45.91. From a judgment in his favor for that amount, plaintiff took this appeal.

Dr. J. D. Frazer, employed by defendants, and who attended plaintiff at the

time he was injured, testifies that he was suffering from a dislocated left shoulder, had several bruises over the body and complained of his back and hip. Asked if he found any indications of a hernia, he answers positively no, saying, however, that he had a slightly opened inguinal ring, but no protrusion. It was his opinion that the ring was already there, perhaps from birth. He states that when he discharged plaintiff he considered that he was capable of resuming manual work and on a recent examination before the time of the trial of the case was of the opinion that he could perform hard labor.

Dr. T. R. Sartor, witness for the plaintiff, testified that the ring was a little enlarged, but not enough to permit a protrusion of the intestines. He found it to be perfectly sound and did not believe that it had been caused by the accident plaintiff was in. "I think it is more or less nature," he says.

Dr. R. L. Love, called as a witness by the defendants, says that after a recent examination he didn't find anything the matter with plaintiff, with reference to hernia, but that he had a slight enlargement of the left ring, of not sufficient size to cause a protrusion, nor of such nature as to prevent him from performing manual labor. He adds that it could have been there a long time.

The foregoing comprises the medical testimony in the case, from which it seems at once apparent that plaintiff has failed to show any causal connection, as he must do in order to recover compensation, between his alleged hernia and the accident in which he was injured.

Other evidence submitted on behalf of the defendants shows, moreover, that after his discharge by Dr. Frazer, in August, 1930, plaintiff performed manual labor for the Long Bell Lumber Company, working off and on until as late as the month of March, 1931, and was dropped because the man he was replacing had returned to work and there was no other work to give him. His services during that time were satisfactory and were performed by him without apparent discomfort.

We find ourselves in entire accord with the views expressed by the learned trial judge and his judgment is affirmed.